UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| AARON BERNELL JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 6: 17-298-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| J. RAY ORMOND, Warden, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Inmate Aaron Bernell Jackson is presently confined at the United States Penitentiary – McCreary in Pine Knot, Kentucky. Proceeding without a lawyer, Jackson has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Record No. 1] For the reasons set forth below, Jackson's petition will be denied.

In 2006, a federal grand jury indicted Jackson, charging him with two counts of knowingly and intentionally distributing five grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1); one count of knowingly and intentionally distributing 50 grams or more of cocaine, in violation of 21 U.S.C. § 841(a)(1); and one count of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).[1] Shortly thereafter, the Government filed a notice pursuant to 28 U.S.C. § 851, indicating that Jackson had a prior

---

[1] This procedural history comes from Jackson's petition and the documents attached at Record No. 1, as well as his underlying criminal case, *United States v. Jackson*, No. 1: 06-cr-030 (W.D. Ky. 2006).

felony drug conviction. Therefore, if convicted, Jackson was subject to a mandatory-minimum sentence of 20 years in prison pursuant to 21 U.S.C. § 841(b)(1).

Jackson eventually pled guilty to the charges against him. Jackson affirmed through his plea agreement that he "understands that the charges to which he will plead guilty carry a minimum term of imprisonment of 20 years." While he reserved the right to directly appeal his conviction and sentence, Jackson "knowingly and voluntarily waive[d] the right . . . to contest or collaterally attack his conviction and the resulting sentence pursuant to 28 U.S.C. § 2255 or otherwise." The trial court accepted Jackson's guilty plea and sentenced him to the mandatory-minimum term of 20 years in prison.

Jackson filed a direct appeal, but the United States Court of Appeals for the Sixth Circuit affirmed his convictions and sentence. Jackson then applied for leave to file a second or successive motion to vacate his sentence under 28 U.S.C. § 2255, but the Sixth Circuit denied that application as unnecessary because Jackson never filed an initial § 2255 motion. Instead of then filing such a motion, Jackson filed his § 2241 petition with this Court.

While Jackson's petition is lengthy and at times difficult to understand, he appears to be arguing that the trial court erred when it determined that he had a prior felony drug conviction and, therefore, was subject to a mandatory minimum sentence of 20 years in prison pursuant to 21 U.S.C. § 841(b)(1). Jackson cites the Supreme Court's decisions in *Descamps v. United States*, 133 S. Ct. 2276 (2013), and *Mathis v. United States*, 136 S. Ct. 2243 (2016), among other cases, to support his petition.

As an initial matter, Jackson knowingly and voluntarily waived his right to contest or collaterally attack his conviction and sentence in his plea agreement. As this Court has recognized on numerous occasions, such waivers are valid and enforceable in § 2241 proceedings. *See Ewing v. Sepanek*, No. 0:14-cv-111-HRW (E.D. Ky. Jan. 6, 2015); *Solis-Caceres v. Sepanek*, No. 0:13-cv-021-HRW (E.D. Ky. Aug. 6, 2013) (collecting cases); *Combs v. Hickey*, No. 5:11-cv-012-JMH (E.D. Ky. Jan. 7, 2011). Jackson is therefore barred from challenging his sentence in his habeas petition.

That said, even if Jackson's plea waiver was not enforceable, his § 2241 petition would still constitute an impermissible collateral attack on his sentence. While a federal prisoner may challenge the legality of his convictions or sentence through a direct appeal and a § 2255 motion, he generally may not do so in a § 2241 petition. *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001) (explaining the distinction between a § 2255 motion and a § 2241 petition). After all, a § 2241 petition is usually only a vehicle for challenges to actions taken by prison officials that affect the manner in which the prisoner's sentence is being carried out, such as computing sentence credits or determining parole eligibility. *See Terrell v. United States*, 564 F.3d 442, 447 (6th Cir. 2009). Simply put, Jackson cannot use a § 2241 petition as a way of challenging his sentence.

Jackson nevertheless argues that he can attack his sentence in a § 2241 petition, and he cites *Hill v. Masters*, 836 F.3d 591 (6th Cir. 2016), to support his position. It is true that, in *Hill*, the Sixth Circuit indicated for the first time that a prisoner may challenge his sentence in a § 2241 petition. However, in doing so, the court expressly limited its decision to the following, very narrow circumstances:

> (1) prisoners who were sentenced under the mandatory guidelines regime pre-*United States v. Booker*, 543 U.S. 220 . . . (2005), (2) who were foreclosed from filing a successive petition under § 2255, and (3) when a subsequent, retroactive change in statutory interpretation by the Supreme Court reveals that a previous conviction is not a predicate offense for a career-offender enhancement.

*Id.* at 599-600.

Those circumstances do not apply here. As an initial matter, the trial court sentenced Jackson in November 2007, well after the Supreme Court decided *Booker*. Furthermore, Jackson has not identified a subsequent, retroactive change in statutory interpretation by the Supreme Court that reveals that his previous conviction is not a "felony drug offense" for purposes of the § 841(b)(1) enhancement. While Jackson has cited *Descamps* and *Mathis*, those cases discuss the approach courts should use to determine whether a prior conviction constitutes a violent felony for purposes of the Armed Career Criminal Act. Here, the trial court enhanced Jackson's sentence pursuant to § 841(b)(1), an entirely different statute with broader language. *See Hernandez v. Ormond*, No. 6: 17-cv-081-DLB (E.D. Ky. Sept. 18, 2017) (explaining that the analysis described in *Mathis* is not applicable to enhancements pursuant to § 841(b)(1)'s broad language). In short, Jackson has not explained how *Descamps* and *Mathis* represent intervening changes in the law that establish that his sentence was improperly enhanced. Accordingly, it is hereby

**ORDERED** as follows:

1. Jackson's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [Record No. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the docket.

3. A corresponding Judgment will be entered this date.

This 16th day of November, 2017.



Signed By:
*Danny C. Reeves* DCR
United States District Judge